UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | Case No. 6:21-mj-00021-HBK-1 |
| v. | ORDER TO SHOW CAUSE |
| BRIAN RODRIGUEZ | ORDER SETTING THIS CASE FOR A FINAL STATUS/PRETRIAL CONFERENCE |
| | ORDER REVOKING RULE 43 WAIVER |
| | FOURTEEN-DAY RESPONSE PERIOD |

Defendant, Brian Rodriguez ("Defendant" or "Mr. Rodriguez"), is charged in a complaint with one count of violating 18 U.S.C. §113(a)(5). (Doc. No. 1). On February 8, 2022, Defendant appeared at his initial appearance with private counsel, Mr. Daniel Martin. (Doc. No. 3). The Court granted a Fed. R. Crim. P. 43 waiver and advised Mr. Martin that he needed to comply with Local Rule 182(a)(2).[1] (Doc. No. 3). A first status conference for this case was held on April 12, 2022. (Doc. No. 5). While Defendant was not required to appear due to a Rule 43 waiver, Mr. Rodriguez appeared at the first status conference; however, Mr. Martin did not appear and had not complied with Local Rule 182(a)(2). *See generally* docket. Mr. Martin did not request a continuance of the April 12, 2022 status conference, nor did counsel provide the Court with

---

[1] The Rule provides that counsel must sign and file confirmation of appearance within seven (7) days of appearing at a court hearing in a matter. L.R. 182(a)(2). The failure of counsel to properly enter an appearance precludes counsel from notices of electronic filings related to this case.

notice that he was unable to appear on behalf of his client.  *See generally* docket.  After the courtroom deputy contacted counsel's office, Ms. Dennise Henderson, purportedly from the same firm as Mr. Martin, appeared on Defendant's behalf.  (Doc. No. 5).  The Court informed Ms. Henderson that Mr. Martin had not complied with Local Rule 182(a)(2).  Upon request by Ms. Henderson, the Court continued the first status conference to a later date.  (Doc. No. 5).  On April 26, 2022, the continued status conference was held, and Ms. Henderson again appeared on Mr. Martin's behalf.  (Doc. No. 6).  Despite the Court's previous reminder, Mr. Martin did not comply with Local Rule 182(a)(2).  *See generally* docket.  At the April 26, 2022, status conference, the Court ordered counsel to file a formal appearance, set a motion schedule and set the case for a final status/pretrial conference for May 24, 2022, which the Court *sua sponte* continued to June 7, 2022.  (Doc. Nos. 6, 7).  Neither Mr. Martin nor Ms. Henderson appeared at the June 7, 2022, final status conference and neither counsel filed a formal appearance as previously directed by the Court.  (*See* Doc. No. 6); (*see also* docket).  Again, neither counsel provided notice to the Court that they were unavailable for the June 7, 2022, final status conference.  *See* docket.  As of the date of this Order, no counsel has entered an appearance in accordance with Local Rule 182(a)(2).

Local Rule 182(a)(2) requires all attorneys to file their formal appearance.  L.R. 182(a)(2) (E.D. Cal. 2022).  Local Rule 182(a)(2) is applies to criminal actions.  *See* L.R. 400(a) (E.D. Cal. 2022).  The Court is authorized to impose sanctions on counsel for the failure to comply with the local rules or any court order.  L.R. 110 (E.D. Cal. 2022).

As set forth *supra*, despite repeated requests and warnings, no counsel has complied with the local rules or this Court's April 26, 2022, order.  *See* docket.  Despite a Rule 43 waiver, Mr. Rodriguez appeared at first and second continued status conferences, yet counsel has not.  *See* docket.  No counsel has filed a notice that they no longer represent Mr. Rodriguez.  *See* docket.  As a result, this Court is under the impression that Mr. Martin continues to represent Mr. Rodriguez.  Further, the Rule 180 legal advisor for the Government confirmed that no counsel has contacted him regarding the case.

Accordingly, it is hereby **ORDERED**:

1. Within **fourteen (14) days** from the date of this Order, counsel must comply with the Court's April 26, 2022, order and Local Rule 182(a)(2) and file a formal appearance or notify the Court if no longer represents Defendant. Counsel must also show cause as to why this Court should not impose sanctions as authorized by Local Rule 110. A failure to comply with this Court order will result in appropriate sanctions on counsel.

2. In light of counsel's failure to appear, the Court revokes Defendant's Fed. R. Crim. P. 43 waiver in order that Defendant has notice of and may appear at future hearings to avoid any prejudice.

3. The case is set for a final status/pretrial conference for **Tuesday, June 28, 2022, at 10:00 AM in Yosemite.**

4. The Clerk of Court shall mail and/or email a copy of this Order to Defendant Rodriguez at the address of record as provided on the Summons (Doc. No. 2). **Defendant Rodriguez shall appear at the June 28, 2022, final status/pretrial conference.**

5. The Clerk of Court shall mail a copy of this Order to Mr. Daniel Martin at his firm's address or record.

Dated: June 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE