UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRIAN RODRIGUEZ,<br><br>　　　　Defendant. | Case No. 1:21-mj-00021-HBK-1<br><br>ORDER REQUIRING DENNISE HENDERSON TO PAY SANCTIONS OF $50 PER DAY<br><br>(Doc. No. 14) |

**BACKGROUND**

Defendant, Brian Rodriguez, ("Defendant" or "Mr. Rodriguez") is charged in a complaint with one count of violating 18 U.S.C. § 113(a)(5). (Doc. No. 1). On June 28, 2022, a status conference was held and counsel for the Defendant, Ms. Dennise Henderson was present. (Doc. No. 10). The Court scheduled the case for a final status conference for July 26, 2022 at 10:00 a.m. in Yosemite. (Doc. No. 10). On the morning of July 26, 2022, the Court's Courtroom Deputy received an email from Ms. Henderson's office requesting the Court to hold the status conference by Zoom due to her need to isolate. The Court agreed to convert the in-person hearing to a Zoom hearing. The Court called Mr. Rodriguez's case at 10:10 a.m. via Zoom but Ms. Henderson failed to appear. Ms. Henderson did not provide notice to the Court that she would be unavailable for the July 26, 2022 hearing. Counsel for the Government advised that a plea agreement was extended to defendant but that the plea had not been accepted. The Court set this case for a bench

trial for October 24, 2022 at 10:00 a.m. in Yosemite.

On July 29, 2022, the Court seek motions deadlines and revoked defendant's Rule 43 waiver and issued an order to show cause within fourteen days (14) as to why sanctions should not be imposed against Defendant's Counsel, Dennise Henderson, for the failure to make an appearance at the July 26, 2022 hearing. (Doc. No. 14). The order further noted this was the second show cause order issued by the court due to counsel's failure to adhere to the Court's local rules and appear at court proceedings. (*Id.* at 1). The deadline for Ms. Henderson to provide a response to the July 29, 2022 Order to Show Cause has long expired and Ms. Henderson has filed no response. (*See generally* docket).

## LEGAL STANDARD

The Court possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for every day the defendant fails to respond to the Court's orders to show cause. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any

Court before which the attorney has been admitted to practice." *Id*.

## DISCUSSION

Here, counsel for Defendant, Dennise Henderson, has failed to comply with the order requiring her to show cause in writing why sanctions should not issue for the failure to appear at the July 26, 2022 final status conference. The Court finds that monetary sanctions initially are appropriate to compel Ms. Henderson to respond to this Court's order. Therefore, a daily sanction shall be imposed to compel Ms. Henderson to respond. Ms. Henderson shall pay a sanction of $50.00 for each day that she fails to respond to this Court's order to show cause.

Accordingly, it is **ORDERED:**

Dennise Henderson, counsel for Defendant, shall pay the Clerk of the Court $50.00 per day, beginning on October 11, 2022, until she files a response to the July 29, 2022 Order to Show Cause.

Dated:   October 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE